**Kusuma Putra INDRA, aka Putra Kusuma Indra, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–74598.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 20, 2008.

Armin A. Skalmowski, Alhambra, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Kusuma Putra Indra, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

The agency denied Indra's asylum application as time barred. Indra does not challenge this finding in his opening brief.

Substantial evidence supports the BIA's finding that Indra failed to establish past persecution, *see id.* at 1016–18, and Indra has not demonstrated any basis for persecution under *Hernandez–Ortiz v. Gonzales,* 496 F.3d 1042 (9th Cir.2007). In

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**564**

addition, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004) applies in the context of withholding of removal, Indra failed to demonstrate that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003). Accordingly, Indra's withholding of removal claim fails.

Substantial evidence supports the BIA's denial of CAT relief because Indra failed to demonstrate that it is more likely than not that he will be tortured if he returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004). Indra's CAT claim fails because he has not demonstrated that it is more likely than not that he will be tortured if he returns to Indonesia. *See El Himri v. Ashcroft,* 378 F.3d 932, 938 (9th Cir.2004).

Finally, we reject Indra's contention that we should remand the case based on the IJ's corroborating evidence finding, because the BIA conducted a de novo review, treated Indra's testimony as true, and denied Indra's withholding and CAT claims on the merits. *See Kataria v. INS,* 232 F.3d 1107, 1114 (9th Cir.2000)

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.